Filed March 5, 1886.

---

No. 12,285.

## TROUT v. PERCIFUL.

LANDLORD AND TENANT.—*Lease.—Condition as to Sale.—Pretended Sale to Defraud Lessee.—Damages.*—Where a lease is executed, to be effective on the condition that the owner of the land does not sell it, a sale in good faith is contemplated, and if the lessee is defrauded of his rights under the lease by a pretended sale made for that purpose, he may maintain an action against the lessor for damages.

PRACTICE.—*Motion for New Trial.*—Questions as to the admission of evidence, and as to the assessment of damages, which are not presented by a motion for a new trial, will not be considered.

From the Clinton Circuit Court.

*J. V. Kent* and *J. W. Merritt*, for appellant.

ELLIOTT, J.—The complaint of the appellee contains these

allegations : That the appellant leased to him a tract of land for the term of one year; that the taking effect of the lease was conditioned on the contingency that the appellant did not sell the land; that the appellee was ready and willing to pay the rent stipulated; that the appellant made a pretended sale of the land to one John Young, and put him in possession of part of it; that the pretended sale was made for the fraudulent purpose of depriving appellee of the land under his lease; that there was no consideration paid by Young, and that the appellant has wrongfully refused to allow appellee to take possession under his lease.

The complaint was not demurred to, but is here assailed by the assignment of errors. We think that the error is not well assigned, for, though the complaint is not well drawn, it is sufficient to resist an attack made after verdict. It shows that the sale was a fraudulent one, made for the purpose of defrauding the lessee out of his rights under the lease, and such a sale is not one that will defeat the contract; for, where a contract makes a sale a condition, it means a sale in good faith, and not a fraudulent one. Parties who contract respecting a sale have in contemplation a sale in good faith, and not one founded in fraud. It would be strange, indeed, if a lessor could, by a fraudulent sale made for the purpose of defeating his lessee, avoid the lease, and thus avail himself of his own wrong.

The objections suggested to the admission of evidence can not be considered, for there are no causes stated in the motion for a new trial presenting any questions upon the admission of evidence. We can not disturb the verdict upon the evidence.

There is no question presented by the motion for a new trial as to the assessment of damages, and hence no such question is presented to us.

Judgment affirmed.

Filed March 6, 1886.